IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01568-BNB

LEON C. PICKFORD,

      Plaintiff,

v.

BETH DALLAS, sued in theoer [sic] individual capacities,
STOCK, Nurse # 9314, sued in there [sic] individual capacities,
J.G. FORLURNH, # 12570, sued in there [sic] individual capacities,
GATBEL CHAMJOCK, sued in there [sic] individual capacities, and
THOMAS C. FISHER, sued in there [sic] individual capacities,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Leon Pickford, initiated this action on June 18, 2012, by filing *pro se* a Prisoner Complaint (ECF No. 1) asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 while he was in the custody of the Colorado Department of Corrections (DOC).   Mr. Pickford has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Mr. Pickford is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Pickford will be ordered to file an amended complaint.

Mr. Pickford alleges in the Complaint that he arrived at the DOC's Denver Reception and Diagnostic Center in June 2010, whereupon he informed staff of serious

pain and periodic lack of motion in his left leg.  An x-ray of his left knee was taken and

Plaintiff was given pain medication.  Mr. Pickford was thereafter transferred to Sterling

Correctional Facility (SCF) in August 2010.  Upon arrival, he informed SCF medical staff

about the pain and disfunction in his left leg.  He was diagnosed with cellulitis and

prescribed antibiotics.  Plaintiff saw Defendant Stock for his leg pain in September 2010

and Defendant Stock told him that his leg was "fine."  (ECF No. 1, at 7 of 11).  Mr.

Pickford alleges that on March 24, 2011, Defendant Chamjock gave him medication that

made him sick and ignored Plaintiff's complaints about his left leg.  On May 15, 2011,

Mr. Pickford met with Defendants Stock and Chamjock and they told him that his leg

was "fine."  (*Id.* at 8 of 11).  Plaintiff then reviewed his medical file in June 2011 and

discovered that medical staff had been lying to him about his knee and leg problems.

Mr. Pickford alleges that he filed many "communications and grievances" with

Defendants Dallas and Forlurnh requesting medical attention during the latter half of

2010 and the first half of 2011, and provided the Defendants with a copy of his knee x-

ray.  Plaintiff states that the "medical department has known for 5 years that I was in

need of more surgeries and has talked to Denver Health (a couple of times).  (*Id.* at 7 of

11).  Mr. Pickford further alleges that Defendant Forlurnh responded to one of his

grievances stating that he had reviewed Plaintiff's medical file and denied the grievance.

 Plaintiff asserts in his Complaint that the SCF Defendants deprived him of his Eighth

Amendment right to adequate medical care.   He requests an award of monetary relief.


Plaintiff was transferred to Buena Vista Correctional Facility sometime after June

2011 where he put in a request to see Defendant Dr. Fisher.   Dr. Fisher examined

2

Plaintiff and told him that both his left and right knees were "going out." Plaintiff asserts

that Dr. Fisher denied him adequate medical care because he did not review the x-ray

report at the time he made this diagnosis. He requests an award of monetary relief.

The Complaint is deficient because Mr. Pickford does not allege facts to show

that Defendants Dallas or Fisher personally participated in a deprivation of his

constitutional rights so as to be held liable under 42 U.S.C. § 1983. *See Bennett v.*

*Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159,

166 (1985). Moreover, a supervisor is only liable for a constitutional violation that he or

she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

Accordingly, there must be an affirmative link between the alleged constitutional

violation and each Defendant's participation, control or direction, or failure to supervise.

*See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also*

*Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under

§ 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by

their subordinates and their 'adoption of any plan or policy. . .–express or

otherwise–showing their authorization or approval of such 'misconduct.'") (quoting

*Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Supervisors cannot be held liable merely

because of their supervisory positions. *See Pembaur v. City of Cincinnati*, 475 U.S.

469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). This is

because "§ 1983 does not recognize a concept of strict supervisor liability; the

defendant's role must be more than one of abstract authority over individuals who

actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147,

1162 (10th Cir. 2008).

Therefore, Mr. Pickford will be ordered to file an amended complaint that complies with this Order if he wishes to pursue his claims in this action.  Accordingly, it is

ORDERED that Plaintiff, Leon C. Pickford, file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the directives in this Order.  It is

FURTHER ORDERED that Mr. Pickford shall obtain the Court-approved Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Pickford fails to file an amended complaint **within thirty (30) days from the date of this order**, Defendants Dallas and Fisher will be dismissed from this action without further notice for the reasons discussed above. The dismissal shall be without prejudice.

DATED July 18, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge