IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01568-BNB

LEON C. PICKFORD,

      Plaintiff,

v.

BETH DALLAS, sued in theoer [sic] individual capacities,
STOCK, Nurse # 9314, sued in there [sic] individual capacities,
J.G. FORLURNH, # 12570, sued in there [sic] individual capacities,
GATBEL CHAMJOCK, sued in there [sic] individual capacities, and
THOMAS C. FISHER, sued in there [sic] individual capacities,

      Defendants.

_____

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

_____

      Plaintiff, Leon Pickford, initiated this action on June 18, 2012, by filing ***pro se*** a

Prisoner Complaint (ECF No. 1) asserting a deprivation of his constitutional rights

pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 while he was in the custody of the

Colorado Department of Corrections (DOC).

      The Court must construe the Complaint liberally because Mr. Pickford is not

represented by an attorney.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall***

***v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be

an advocate for a *pro se* litigant.  ***See Hall***, 935 F.2d at 1110.

      On July 18, 2012, Magistrate Judge Boyd N. Boland reviewed the Complaint and

determined that it was deficient because it failed to allege facts sufficient to show the

personal participation of some of the Defendants in a deprivation of Mr. Pickford's

constitutional rights.  The Court therefore ordered Mr. Pickford to file an amended

complaint within thirty days and warned him that failure to file an amended pleading

would result in the dismissal of some of his claims.  Mr. Pickford has not filed an

amended complaint to date.

Pursuant to 28 U.S.C. § 1915A, Mr. Pickford has been granted leave to proceed

*in forma pauperis*.  Under 28 U.S.C. § 1915A, the Court is required to review the

Complaint because Mr. Pickford is a prisoner and the Defendants are officers or

employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to

dismiss the complaint, or any portion of the Complaint, that is frivolous.  A legally

frivolous claim is one in which the plaintiff asserts the violation of a legal interest that

clearly does not exist or asserts facts that do not support an arguable claim.  *See*

*Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the

Court will dismiss the Complaint, in part.

Mr. Pickford alleges in the Complaint that he arrived at the DOC's Denver

Reception and Diagnostic Center in June 2010, and informed staff of serious pain and

periodic lack of motion in his left leg.  An x-ray of his left knee was taken and Plaintiff

was given pain medication.  Mr. Pickford was thereafter transferred to Sterling

Correctional Facility (SCF) in August 2010.  Upon arrival, he informed SCF medical staff

about the pain and disfunction in his left leg.  He was diagnosed with cellulitis and

prescribed antibiotics.  Plaintiff saw Defendant Stock for his leg pain in September 2010

and Defendant Stock told him that his leg was "fine."  (ECF No. 1, at 7 of 11).  Mr.

Pickford alleges that on March 24, 2011, Defendant Chamjock gave him medication that

2

made him sick and ignored Plaintiff's complaints about his left leg.  On May 15, 2011,

Mr. Pickford met with Defendants Stock and Chamjock and they told him that his leg

was "fine."  (*Id.* at 8 of 11).  Plaintiff then reviewed his medical file in June 2011 and

discovered that medical staff had been lying to him about his knee and leg problems.

Mr. Pickford alleges that he filed many "communications and grievances" with

Defendants Dallas and Forlurnh requesting medical attention during the latter half of

2010 and the first half of 2011, and provided the Defendants with a copy of his knee x-

ray.  Plaintiff states that the "medical department has known for 5 years that I was in

need of more surgeries and has talked to Denver Health (a couple of times).  (*Id.* at 7 of

11).  Mr. Pickford further alleges that Defendant Forlurnh denied his grievance after

reviewing the Plaintiff's medical file.  Plaintiff asserts in his Complaint that the SCF

Defendants deprived him of his Eighth Amendment right to adequate medical care.   He

requests an award of monetary relief.

Mr. Pickford was transferred to Buena Vista Correctional Facility (BVCF)

sometime after June 2011.   Dr. Fisher examined Plaintiff and told him that both his left

and right knees were "going out."  Plaintiff asserts that Dr. Fisher denied him adequate

medical care because he did not review the x-ray report at the time he made this

diagnosis.  He requests an award of monetary relief against Dr. Fisher.

The Complaint is deficient because Mr. Pickford does not allege facts to show

that Defendants Dallas, Forlurnh, or Fisher personally participated in a deprivation of his

constitutional rights so as to be held liable under 42 U.S.C. § 1983.  ***See Bennett v.***

***Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  Magistrate Judge Boland warned Mr.

Pickford in the July 18 Order that the personal participation of the Defendants was an essential element of a § 1983 action.

Magistrate Judge Boland further warned Mr. Pickford in the July 18 Order that a supervisor is only liable for a constitutional violation that he or she has caused. ***See Dodds v. Richardson***, 614 F.3d 1185, 1199 (10th Cir. 2010).  Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993); ***see also Richardson***, 614 F.3d at 1200-1201 ("[Defendant-supervisors may be liable under § 1983 [or *Bidens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting ***Rizzo v. Goode***, 423 U.S. 362, 371 (1976)).  Supervisors cannot be held liable merely because of their supervisory positions.  ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986);  ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Pickford does not allege any specific facts to show that Defendants Dallas and Forlurnh, whom Plaintiff identifies as the supervisors of medical care at SCF, were personally involved in any decisions involving Plaintiff's medical treatment at SCF. Instead, Mr. Pickford alleges that he submitted medical grievances to Defendants Dallas and Forlurnh and that Defendant Forlurnh denied the grievances after reviewing his medical file.  Generally, "'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants.

4

*Whitington v. Ortiz*, 307 F. App'x. 179, 193 (10th Cir. 2009) (unpublished decision) (quoting *Larson v. Meek*, 240 F. App'x. 777, 780 (10th Cir. 2007) (unpublished decision)); *Davis v. Ark. Valley Corr. Facility*, 99 Fed. Appx. 838, 843 (10th Cir.2004) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983"). Plaintiff seeks to hold the Defendants liable based on their status as supervisors. Because Defendants Dallas and Forlurnh cannot be held liable on the basis of respondeat superior, they are improper parties to this action and will be dismissed.

In addition, Plaintiff does not allege any facts to implicate Defendant Foster in a violation of his Eighth Amendment right to adequate medical care.   "A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious . . . [Second,] a prison official must have a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotations omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976) (prison officials may not be deliberately indifferent to the serious medical needs of inmates in their custody).  Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer*, 511 U.S. at 847.

Mr. Pickford alleges in the Complaint that after he was transferred to BVCF, Dr. Fisher examined him and advised Plaintiff that both his left and right knees were "going out."  Plaintiff asserts that Dr. Fisher did not review the x-rays from the hospital at the time he made this diagnosis because the x-rays had not arrived at the facility yet. However, these facts show only that Dr. Fisher made a diagnosis of Plaintiff's condition. To the extent Plaintiff disagrees with the diagnosis, his claim does not implicate the Eighth Amendment.   *See Estelle*, 429 U.S. at 107-08. Mr. Pickford does not allege that Dr. Fisher denied him medical care at BVCF.  Although Mr. Pickford further asserts that Defendant Fisher "fail[ed] to take action to curb the [in]adequate medical treatment for the past 22 months," *see* Compl., at 6,  Dr. Fisher cannot be held liable for any constitutional deprivations by medical care providers at SCF.   *See Bennett*, 545 F.2d at 1262-63.  Accordingly, Dr. Fisher is an improper party to this action and will be dismissed.

After review pursuant to D.C.COLO.LCivR8.2.C, the Court has determined that Mr. Pickford's Eighth Amendment claims against Defendants Stock and Chamjock are not appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge.  *See* D.C.COLO.LCivR 8.2D.  Accordingly, it is

ORDERED that Defendants Dallas, Forlurnh, and Fisher are dismissed as parties to this action.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __5th__ day of ___September_____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court