IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01568-MSK-MJW

LEON C. PICKFORD,

Plaintiff(s),

v.

STOCK, Nurse #9314, sued in there [sic] individual capacities and
GATBEL CHAMJOCK, sued in there [sic] individual capacities,

Defendant(s).

---

**RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS (Docket No. 23)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case was referred to the undersigned pursuant to an Order Referring Case issued by Chief Judge Marcia S. Krieger on September 26, 2012. (Docket No. 15).

**Plaintiff's Allegations**

The pro se plaintiff, Leon C. Pickford, was incarcerated when he commenced this action but has since been released from custody. (See Docket No. 6). Pursuant to an Order issued by Judge Babcock on September 5, 2012 (Docket No. 10), the only claims and defendants remaining in this action are the Eighth Amendment claims against defendants Stock and Chamjock.[1]  Plaintiff alleges the following in his Prisoner

---

[1] Judge Babcock dismissed defendants Dallas, Forlurnh, and Fisher, who were identified as supervisors of medical care at Sterling Correctional Facility, because plaintiff did not allege facts to show that they personally participated in a deprivation of plaintiff's constitutional rights so as to be held liable under 42 U.S.C. § 1983. (Docket

2

Complaint with respect to such remaining claims and defendants.

Plaintiff arrived at the DOC's Denver Reception and Diagnostic Center in June 2010 and informed staff of "serious medical needs." His file was reviewed, his left leg and knee were x-rayed, an EKG was done, and he was given 30 days of medication. He was thereafter transferred to Sterling Correctional Facility ("SCF") in August 2010. Upon arrival, he informed SCF medical staff about his left leg pain and that it was "turning blck" and "going-out." (Docket No. 1 at 4, 7). He was diagnosed with cellulitis and prescribed antibiotics. Plaintiff saw defendant Stock for his leg pain the following month on September 9, 2010, and Stock told him that his knee and foot were "fine." (Docket No. 1 at 7). She had a hostile attitude, said she did not have the time to look in plaintiff's file, deliberately denied adequate medical treatment, and lacked professional judgment.

On March 24, 2011, defendant Chamjock gave plaintiff medication that made plaintiff sick and "[t]urned a blind-eye" to plaintiff's left leg. On May 15, 2011, plaintiff met with Stock and Chamjock who told him that his leg was "fine" and "foot was ok." Plaintiff then reviewed his medical file in June 2011 and discovered that medical staff had been lying to him about his knee and leg problems.

As a result of the failure of defendants (and others) to take steps to ensure plaintiff received the needed treatment, plaintiff suffered further injury; his knees "are going out" and his left foot is "curling up."

Plaintiff seeks substantial compensatory damages "for Physical and emotional

---

No. 10).

injuries resulting from their failure to provide adequate medical care to the Plaintiff." (Docket No. 1 at 9).  In addition, he seeks substantial punitive damages.

## **DEFENDANTS' MOTION TO DISMISS**

Now before the court for a report and recommendation is the defendants' Motion to Dismiss (Docket No. 23).  Plaintiff did not file a response.  In fact, plaintiff has not filed anything since he filed his change of address (Docket No. 6) and Amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Docket No. 7) on July 11, 2012.  He did not comply with Magistrate Judge Boland's July 18, 2012, Order Directing Plaintiff to File Amended Complaint (Docket No. 9).

The court has carefully reviewed the subject motion (Docket No. 23) and has considered applicable Federal Rules of Civil Procedure and case law.  In addition, the court has taken judicial notice of the court file.  The court now being fully informed makes the following findings, conclusions of law, and recommendation.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'"  Cutter v. RailAmerica, Inc., 2008 WL 163016, *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 550 U.S. at 545 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

Since the plaintiff is proceeding without counsel, his pleadings have been construed liberally and held to a less stringent standard than formal documents drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

Here, defendants assert that plaintiff's Eighth Amendment claim against them should be dismissed because (1) it fails to state a claim upon which relief can be

5

granted and (2) defendants are entitled to qualified immunity.

"Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A complaint that a defendant "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Id. at 105-06. "Rather, 'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting Estelle, 429 U.S. at 106). "A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. . . . The test for constitutional liability of prison officials 'involves both an objective and a subjective component.'" Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005). As the Tenth Circuit has explained:

> to properly set forth an Eighth Amendment claim on which relief may be granted, [the prisoner] must set forth facts demonstrating [1] that his alleged medical need . . . was sufficiently serious to meet the objective element of the deliberate indifference test, *and* [2] that the Defendants' delay in meeting that need caused him substantial harm. Finally, to meet the subjective element of the deliberate indifference test, [the prisoner] must allege facts supporting an inference [3] that Defendants knew about and disregarded a substantial risk of harm to his health or safety.

Oxendine v. Kaplan, 241 F.3d 1272, 1276-77 (10th Cir. 2001) (quotations omitted).

Reading plaintiff's pleading liberally, accepting all factual allegations in the pleading as true, and resolving all reasonable inferences in the plaintiff's favor, this court finds that plaintiff has not stated an Eighth Amendment claim against Chamjock or Stock. Plaintiff's own averments in his Prisoner Complaint show that he was seen many

times in the medical department by both defendants and other medical personnel. Plaintiff very generally complains that the examinations and pain medications were inadequate, but he does not provide any specific information that would support a claim of constitutional dimension. His very conclusory Prisoner Complaint does not contain enough factual allegations to raise a right to relief above the speculative level.

Plaintiff seems to disagree with the defendants' opinions that his leg was "fine" and that they did not take some sort of unspecified course of treatment. A medical difference of opinion, however, is not actionable under the Eighth Amendment, Fitzgerald v. Corrections Corp. of Am., 403 F.3d 1134, 1142 (10th Cir. 2005), and defendants' refusal to provide a particular course of treatment preferred by the plaintiff, whatever that might have been, does not constitute deliberate indifference. See Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 811 (10th Cir. 1999) ("a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation"). In sum, this court finds that the plaintiff has not stated an Eighth Amendment claim of deliberate indifference against either defendant.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the defendants' Motion to Dismiss (Docket No. 23) be granted. If this recommendation is accepted, then it is further

**RECOMMENDED** that the court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from such order would not be taken in good faith and therefore *in forma pauperis* status be denied for the purpose of appeal. See Coppedge v. United States, 369 U.S. 438 (1962). If such a certification is made, and the plaintiff files a notice of

7

appeal, he would then be required to pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: May 22, 2013  s/ Michael J. Watanabe
      Denver, Colorado  Michael J. Watanabe
                        United States Magistrate Judge